## St. L., I. M. & S. Ry. v. Monday.

1. RAILROADS: *Injury to one wrongfully on track.*

A railroad company owes no duty to a person who is wrongfully walking on its track from one station to another until his presence there is discovered; and after he is seen by the company's employes in charge of the train, they may act upon the presumption that he will step aside in time to avoid injury, unless it is obvious from his condition, or circumstances beyond his control, that he cannot do so.

2. SAME: *Same: Contributory negligence.*

The liability of a railroad company to a trespasser, for a personal injury sustained while walking on its track, must be measured by the conduct of its employes after they become aware of his presence there, and not by their negligence in failing to discover him; for, as to such negligence, his contributory negligence will defeat a recovery.

APPEAL from *Pulaski* Circuit Court.

F. T. VAUGHAN, Judge.

*Dodge & Johnson* for appellant.

1. Plaintiff being a trespasser upon the defendant's railway track, the railway company owed him no duty other than not to wilfully or wantonly injure him *after it or its servants* discovered his dangerous position. He was guilty of contributory negligence, which will defeat a recovery. *23 Pa. St., 147; 11 East., 60; Ry. v. Ledbetter, 45 Ark.; 41 Ark., 549; id., 321; 36 id., 377; id., 50–1; Beach Cont. Neg.; 19 Ga., 442–7; 18 Pa. St., 298; 24 id., 465.*

Where this rule prevails, only such aggravated negligence as amounts to *intentional mischief* on the part of the railway will render it liable in the event of an injury to a trespasser. *126 Mass., 380; 41 N. Y., 541; 27 Kans., 89; 59 Ind., 92; 53 id., 310; 13 Minn., 34–7; 21 id., 296–7; 36 Ark., 377; 36 Ark., 50; 95 U. S., 697; 1 Dillon, 579.*

It has become a recognized rule of law in this class of cases, that "a person who had no lawful right to be upon a railway track, car, or any other vehicle, and is there without the consent of the carrier, cannot recover damages for anything short of *gross negligence* on the part of the carrier, occurring after the latter has had notice of such person's presence there." *Sh. & Redf. on Negl., sec. 264; 2 A. & E. R. Cas., 3; 2 id., 6; 18 id., 171.*

The railroad is most unquestionably responsible for any *intentional* or *wanton* injury done a trespasser, but it is not bound to exercise any care or diligence for his safety. *17 Hun., 75; 62 Ind., 304–7; 59 Penn. St., 143; 87 Penn. St., 407; 72 Ill., 223.* See, also, *125 Mass., 79; 12 A. & E. R. Cas., 80; 8 id., 547; 4 id., 536; 1 Thomp. on Neg., 449; 21 Minn., 396–7; 49 Ind., 93; 36 Ark., 46; 40 id., 322; 45 id., 250; 46 id., 522;*

*1 S. W. Rep., 776; 27 N. W. Rep., 776; 21 id., 711; 95 Ind., 286; 5 West. Rep., 261; 4 id., 395; 65 Mo., 22; 71 id., 276; 75 id., 185; 142 Mass., 301; 2 N. E. Rep., 727; 13 Pac. Rep., 219.*

The following cases sustain the proposition that a railroad company does not owe to trespassers upon its tracks such care as to require an engineer to watch out for them. *Gayman v. R. R. Co.*, 100 *Mass.*, 214; *R. R. v. Godfrey*, 71 *Ill.*, 500; *McLaren v. R. R.*, 8 *A. & E. R. R. Cases*, 219; *R. R. v. State*, 19 *A. & E. R. R. Cases*, 83; *R. R. v. Houston*, 95 *U. S.*, 702; *Fennerbrook v. R. R.*, 59 *Cal.*, 270.

*W. L. Terry* and *Blackwood & Williams* for appellee.

In order to sustain appellant's contention and reverse this cause, it is necessary that one of the following propositions be answered in the affirmative in appellant's favor, to-wit:

1. That plaintiff's walking on the track was such an act of contributory negligence *in itself* as to bar his recovery for any injury he may have afterwards sustained while there, *no matter how brought about*, unless by the *wilful* and *intentional* negligence of the company's servants *after they discovered him* on the track and *saw his dangerous condition.*

2. That it is the law in *this State* that a person walking upon a railway track without the company's consent, is a *trespasser* to that extent that he is without remedy for any injury he may receive while there, unless from the *wilful* and *intentional* negligence of the company's servants after they have discovered him on the track and seen his dangerous condition.

These propositions, in one form or the other, run through all the instructions asked on the part of defendant, and not given as asked.

1. The first proposition must be answered in the negative upon reason and authority. *36 Ark., 50; Whart. on Neg., secs.*

*388, 329; Deering on Neg., p. 415; 42 Ark., 323; 24 id., 267; 22 id., 481; 21 id., 357; 17 id., 326; 46 id., 399; Whart. on Neg., sec. 73; 29 Md., 421; 33 id., 554; 24 Vt., 494; 27 Conn., 406; 56 Cal., 513.*

Walking on a railroad track is not such contributory negligence in itself as to bar a recovery, and is not necessarily negligence at all; and contributory negligence is a *question of fact* for the jury. *81 Mo., 434; 65 id., 22; 22 A. & E. R. Cas., 342; 63 Tex., 660; 8 A. & E. R. Cas., 261; id., 92.*

2. A party walking on a railroad track is not without remedy except for injuries, the result of *wilful* and *intentional* negligence *after his danger is discovered.*

See the rule as to stock. *37 Ark., 568; 3 Ohio St., 172.*

Review the cases in this court ( *36 Ark., 47; 37 id., 570; 36 id., 377; 47 id., 502; 45 id., 250; id., 318; 33 id., 373; 40 id., 378* ), and contend that it is the duty of a railroad to keep a proper *lookout* to avoid killing even a *trespasser,* that they are bound to use ordinary care, prudence and foresight to avoid injuries to *persons* or property on the track.

Review the cases cited by appellant, and cite *5 Mo. App., 435; 58 Tex., 43; 33 Md., 544; 75 Mo., 140; 64 id., 440; 56 Cal., 513; 81 Mo., 434; 36 Md., 366; 64 id., 113; 54 Tex., 615; 57 id., 82; sec. 5537 Mansf. Dig.; Wh. & Sm. on Neg., 385.*

SMITH, J.   Monday brought this action of tort for personal injuries sustained by him while walking on the defendant's track.   The answer denied negligence and averred contributory negligence in the plaintiff.   The evidence tended to prove that the plaintiff was intoxicated and had set out at night to walk along the railroad track from one station to another ; that after daylight he saw a train coming towards him, while it was yet distant three or four hundred yards ; that he did not leave

the track, but walked on about one hundred yards to a point where a neighborhood road intersected the track, intending to get off there; that the approaching train being now within one hundred yards, his foot became caught and fastened between the rail and the plank crossing; that he waved his hat and shouted, but the train came right on, the trainmen not observing him; that in order to save himself, he threw his body outside of the track, and in doing so, pulled his foot out of his shoe, and just as his foot got on top of the iron rail, the engine wheel ran over it and cut off a part of it. The train passed on, nobody on it being aware that the plaintiff was there. Indeed, the engineer, conductor and brakeman swore most positively that they were in the cab and on the lookout when the train passed the crossing, and that it was impossible for the injury to have occurred in the manner the plaintiff stated without their knowledge. But the plaintiff had a verdict and judgment for $1500.

From the directions that were given, and the prayers that were refused, it is manifest the court tried the case upon the theory that the railroad company owed the plaintiff the duty of maintaining a sharp lookout, and that it was for the jury to say whether it was guilty of negligence in not discovering the plaintiff's situation and stopping the train.

In order to test the correctness of this charge, it must be first determined what was the right of the plaintiff to be upon the track. For rights and duties are correlative terms. "A duty owing to everybody can never become the foundation of an action until some individual is placed in position which gives him particular occasion to insist upon its performance; it then becomes a duty to him personally. The general duty of a railway company to run its trains with care becomes a particular duty to no one until he is in position to complain of the neglect. The tramp who steals a ride cannot insist that it is a duty to him; neither can he when he makes a highway of

the railway track and is injured by the train." *Cooley on Torts*, *660*.

A person who goes upon a railroad track without license or invitation of the company, is a naked trespasser. In *Railroad v. Norton, 24 Penn. St., 469*, it is said: "Until the Legislature shall authorize the construction of railroads for something else than travel and transportation, we shall hold any use of them for any other purpose to be unlawful. * * * * When a passenger in a railway train is injured without fault on his part, the law presumes negligence in the carrier, for he undertook to carry safely, and we hold companies to the strictest measure of accountability; but that they may be enabled to carry safely, the law insists upon a clear track. If, therefore, a man plants himself upon the rail, he must not expect the law to do more for him than to punish wanton injury. If he be injured from the ordinary pursuit of the company's legalized business, let him blame his own rashness and folly."

And in *P. & R. R. Co. v. Hummell, 44 Penn. St., 378*, Mr. Justice STRONG remarks:

"It is time it should be understood in this State that the use of a railroad track, cutting or embankment, is exclusive of the public everywhere, except where a way crosses it.

"But if the use of a railroad is exclusively for its owners, or those acting under them; if others have no right to be upon it; if they are wrong-doers whenever they intrude, the parties lawfully using it are under no obligations to take precautions against possible injuries to intruders upon it. Ordinary care they must be held to, but they have a right to presume and act on the presumption that those in the vicinity will not violate the laws, will not trespass upon the right of a clear track.

"Precaution is a duty only so far as there is reason for apprehension. No one can complain of want of care in another where care is only rendered necessary by his own wrongful

act.  It is true that what amounts to ordinary care, under the circumstances of the case, is generally to be determined by the jury.  Yet a jury cannot hold parties to a higher standard of care than the law requires, and they cannot find anything negligence which is less than a failure to discharge a legal duty. If the law declares, as it does, that there is no duty resting upon any person to anticipate wrongful acts in others, and to take precaution against such acts, then the jury cannot say that a failure to take such precautions is a failure in duty and negligence."

And in *Mulherrin v. Del., L. & W. R. Co., 81 Penn. St., 375,* it is declared : " Except at crossings, where the public have a right of way, a man who steps his foot upon a railway track, does so at his peril.  The company have not only a right of way, but such right is exclusive at all times and for all purposes.  Compare, also, *Cauley v. Pitts., Cinn. & St. L. Ry. Co., 95 Penn. St., 398; S. C., 2 A. & E. R. Cases, 4; Finlayson v. C., B. & Q. R. Co., 1 Dillon, 579, per Mr. Justice Miller; I. C. R. Co. v. Godfrey, 71 Ill., 500.*

The plaintiff being wrongfully on the track, no duty arose in his favor until his presence was discovered.  For the company had the right to run its trains without reference to the possibility that unauthorized persons might straggle upon its track.  It was not bound to anticipate such intrusion.  And after he had been seen upon the track by the men in charge of the train, they might act upon the presumption that he would step aside in time to avoid a collision, unless it was also obvious that, owing to his condition or circumstances over which he had no control, he could not extricate himself from the danger which menaced him.  The sole duty which the corporation owed him was not wantonly or with reckless carelessness to run over him after his situation was perceived.  Its liability must, therefore, be measured by the conduct of its employes after they became aware of his presence upon the

1. RAILROADS: Injury to one wrongfully on track.

2. SAME: Same: Contributory negligence.

track, and not by their negligence in failing to discover him; for as to such negligence the contributory negligence of the plaintiff would defeat a recovery. *Terre Haute & Ind. R. Co. v. Graham, 95 Ind., 286; S. C., 12 A. & E. R. Cases, 77; Johnson v. B. & M. R., 125 Mass., 75; Morrissey v. Eastern R., 126 id., 377; Wright v. B. & M. R., 129 id, 440; Wright v. B. & A. R., 142 id., 296; Nicholson v. Erie R. Co., 41 N. Y., 525; C. & N. W. Ry. v. Smith, 46 Mich., 504; S. C., 4 A. & E. R. Cas., 535; I. C. R. Co. v. Hall, 72 Ill., 222; B. & O. R. Co. v. Schwindling, 101 Pa. St., 258; 8 A. & E. R. Cas., 544; Tennenbrock v. S., P. C. R. Co., 59 Cal., 269; Van Schaick v. Hudson River R. Co., 43 N. Y., 527; Richmond & Danville R. Co., v. Anderson, 31 Gratt., 812; Lang v. Holliday Creek R. Co.. 42 Iowa, 677; Morris v. C., B. & Q. R Co., 45 id., 29; Masser v. C., R. I. & Pac. Ry. Co., 68 id., 602; I. C. R. Co. v. Godfrey, 71 Ill., 500; I. C. R. Co. v. Hetherington, 83 id., 510; McClaren v. I. & V. R. Co., 83 Ind., 319; S. C., 8 A. & E. R. Cas., 217; B. & O. R. Co. v. State, use, etc., 62 Md., 479; S. C., 19 A. & E. R. Cas., 83.*

These principles have often been announced and applied by this court. *St. L., I. M. & S. Ry. Co. v. Freeman, 36 Ark., 41; L. R. & Ft. S. Ry. Co. v. Pankhurst, id., 371; St. L., I. M. & S. Ry. Co. v. Ledbetter, 45 id., 246; St. L., I. M. & S. Ry. Co. v. Wilkerson, 46 id., 513; L. R., M. R. & T. Ry. Co. v. Haynes, 47 id., 497; St. L., I. M. & S. Ry. Co. v. Fairbairn, 48 id., 491.*

Counsel for the plaintiff have been misled by the analogy of our cattle cases. Our statute makes railroad companies responsible for all damages negligently done to persons and property by the operation of their trains. And the killing or wounding of livestock on the track is *prima facie* proof of negligence. With us, around all fields in which crops are cultivated inclosures are required; and horses, cows, hogs, sheep, etc., are allowed to run at large. Now, as railroads are not required to be fenced, it inevitably happens that these dumb

creatures frequently stray upon a railroad track. And the owner of them is not guilty of contributory negligence in suffering them to go at large; for such is the universal custom, and was before any railroads were built. Hence their occasional presence upon the track is to be reasonably anticipated; and hence the law imposes upon the persons in charge of a train the duty of keeping a vigilant outlook for them. But no such duty arises in the case of human beings, who are possessed of reason and intelligence. They are presumed to know that a railroad track is a dangerous place to walk on; and as they are capable of taking care of themselves, they take the risk of the consequences upon themselves, if they do walk upon it.

The injury in this case happened at a crossing. This, however, is merely an accidental circumstance, not affecting the merits. For the plaintiff was hurt by reason of his walking laterally or lengthwise of the track, and not in an attempt to cross the railroad at this point. As explained by one of the plaintiff's own witnesses, the crevice between the iron rail and the plank crossing was only about three inches in width; and it would have been impossible for the plaintiff to get his foot into this in the act of crossing the track. The only danger was to persons walking up or down the road-bed.

The Circuit Court tried the case upon an unsound theory, and its judgment must be reversed and cause remanded for further proceedings.