## RAILWAY COMPANY *v.* TAYLOR.

### Opinion delivered January 7, 1893.

1. *Stock killed by train—Who may sue.*

   One who has a special ownership in an animal killed by a railway train is empowered by the statute (Mansf. Dig. sec. 5540) to recover its full value.

   *St. Louis, etc. R. Co.* v. *Biggs*, 50 Ark. 169, followed.

2. *Stock-killing—Burden of proof as to negligence.*

   Where the driver of a team of mules was using the right of way of a railroad company between its main and side tracks for the purpose of unloading freight from one of its cars, having gone there upon invitation of the company, and one of the mules was

struck and killed by a passing engine, the court properly
instructed the jury that the fact of the killing made a *prima
facie* case of negligence which cast upon the company the burden
of showing that it had used due care.

3.  *Argument of counsel—Right to open and close.*
    The right to open and close the argument abides with the plaintiff
    so long as he has anything to prove in order to recover a verdict
    for more than nominal damages.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

Taylor brought suit against the St. Louis, Iron
Mountain & Southern Railway Company, alleging that
defendant negligently ran one of its trains through the
streets of Pine Bluff, killing plaintiff's mule, valued at
$125, and damaging his dray to the extent of $10. The
answer denied negligence on the part of defendant, and
charged that plaintiff was guilty of contributory negli-
gence.

Plaintiff testified that he was not present when the
mule was killed; that the mule did not belong to him,
but that he had possession of it on trial, under a contract
to purchase it if satisfactory; that he had not paid for
it when the accident occurred, but intended to pay for it;
that as soon as the mule was killed he paid $90 as part
of the purchase price ($125), and agreed to pay the bal-
ance as soon as he collected it from the railroad.

The drayman who was in charge of plaintiff's team
at the time the mule was killed testified that on the day
of the accident he was sent with his dray to the depot to
haul a car-load of flour to the store. With another dray-
man he went to the depot. The depot agent went with
them and pointed out the car. They told the agent that it
was a dangerous place. He said that that was the only
place he had; he put the car there for them to unload.
They had unloaded two or three dray-loads before the ac-
cident happened. Witness drove in next to the car loaded
with the flour, and placing his mule and dray next to the

car door, went into the car to handle the flour. The place he drove his dray was on the south side of the freight car and in between the main track and the car, and was the usual place to unload. When he had loaded two sacks on his dray, he heard the passenger train coming. Witness jumped onto his dray, seized the reins and gave a signal to the engineer to stop his train. He did this by waving his hat, but the engineer paid no attention, but came right along, struck the tongue of the dray, broke it, and, throwing the mule under the engine, broke its leg. Witness had hauled freight from the same place before, and knew it was a dangerous place.

After plaintiff had testified, defendant asked leave to amend its answer in words as follows, to-wit:

"That the defendant further denies that the said plaintiff, E. L. Taylor, was the owner of the mule mentioned in the complaint in this action, at the time of the accident in which said mule was alleged to have been injured."

The court refused to allow the amendment to be made, and defendant excepted.

The court gave the following instructions to the jury over defendant's objection:

"The injury of the mule being admitted, the law presumes negligence on the part of the defendant, and the burden of proving proper care on the part of the defendant is cast upon it, and if it fails to show proper care and caution to prevent the killing, they will find for the plaintiff." Other instructions by the court were given which it is not material to set out.

After the court had declared the law as set out above, the defendant moved the court that it be given the opening and closing of the argument to the jury, for the reason that, under the pleadings in the case and the instructions given to the jury by the court, no burden rested upon plaintiff to maintain any issue then made in the case, and

that, the entire burden of proof having been placed upon the defendant, it was in law entitled to have said request granted. The motion was overruled by the court and all proper exceptions saved.

The jury returned a verdict of $156.87 for the plaintiff. A motion for a new trial was filed and overruled, and defendant appealed.

*Dodge & Johnson* for appellants.

1. Section 5544 Mansf. Dig. applies only to stock running at large, and not to human beings, or to stock in charge of or under control of human beings at the time of the injury. 49 Ark. 264.

2. It was error to refuse to allow defendant to amend its answer denying that plaintiff was the owner of the mule. 42 Ark. 57; *ib.* 503; 10 Hun, 109; 41 Barb. 337; 3 Abb. Ct. App. 129; 3 Keyes, 428; 44 Ark. 527.

3. The court, having instructed the jury that the burden of proof was upon defendant, erred in refusing to permit defendant to open and close the case. Mansf. Dig. sec. 5131, par. 6.

4. Upon the facts proven, plaintiff's driver was guilty of contributory negligence. 1 N. W. Rep. 37.

*Bell & Bridges* for appellee.

1. Neither plaintiff nor his driver was a trespasser; the dray was between the tracks by permission and invitation of defendant's agent, and there was no trespass. The injury being admitted, the law presumes negligence, and throws on defendant the burden to prove proper care and caution or to prove contributory negligence. 52 Ark. 402; 55 Ark. 248.

2. The burden was on plaintiff to prove: 1. That it was his mule and dray. 2. That it was damaged by negligence. 3. The amount of damage. The burden was on him to prove these, and he was entitled to open and close

COCKRILL, C. J.   1.   Construing the evidence most strongly in favor of the appellant, Taylor had a special property in the animal killed which empowered him to recover its full value.   *St. Louis, etc. Railway* v. *Biggs*, 50 Ark. 169.   No prejudice results to the railway, therefore, in permitting him to maintain the action.

2.   The statute declares that railroads operated in this State shall be responsible for all damages done or caused by the running of their trains.   Mansf. Dig. sec. 5537.

In a suit against a railway company to recover for an injury done to property by a running engine or train, this statute casts upon the company the burden of showing due care on its part.   That is not the express provision of the statute, but it is the nearest approach to the legislative intent that the court was able to extract from it, consistent with the constitution.   *L. R. etc. R. Co.* v. *Payne*, 33 Ark. 816; *Tilley* v. *Railway*, 49 *id.* 535, 542.

The statute has found application in our courts mainly in cases where live stock when running at large have been injured by railway trains, and we have ruled many times that proof of injury by the railway in such cases raises a presumption of negligence against the company.   There is nothing in the terms of the statute to warrant a change in the construction of it when the proof shows that an animal was under the control of its owner or his agent at the time of the injury.

The statutory policy of casting the burden of proof on the railway to show care when the injury is proved may have had its origin in the fact that the company's employees are most likely to know the facts while the owner of the injured property is ignorant of them, but the enactment does not limit the operation of the rule to that state of facts.   The argument that the party having the best means of information should bear the burden

of proof might well be addressed to the policy of enacting such a statute, but not to its construction when its language will not admit of the distinction.   When the proof shows that the act of the owner having control of the animal when injured has contributed to the injury, the statute is inoperative because the contributory negligence of the owner would bar a recovery.   Thus, if the plaintiff here in developing his case had shown that he was wrongfully using the track of the railway as a highway for his mule and vehicle, and had shown no other fact save that the property was injured by the defendant's moving train, he would not have established a *prima facie* case under the statute, because, upon the case thus proved, he could recover only for a wanton injury, and the statute raises no presumption of wantonness.   *St. Louis, etc. Railway* v. *Monday*, 49 Ark. 257, 264–5.

But in this case the plaintiff adduced evidence tending to show that, at the time of the injury, he was using the right of way between the main and side tracks by the license and invitation of the company.   If that was true, he was not a trespasser but was there as of right, and the company owed him the duty to observe ordinary care to preserve his property from injury.   The fact of injury is therefore evidence of the want of such care— that is, of negligence.   The charge to that effect was not erroneous.

The court's charge upon the subject of contributory negligence by the owner was full, and it was favorable to the defendant.   The jury found upon conflicting testimony that he was not guilty of contributory negligence, and that the railway did not use due care.   The verdict is conclusive.

3.   The party having the "burden of proof in the whole action" has the right to open and conclude the argument.   Mansf. Dig. sec. 5131.

3. Right of plaintiff to to open and close.

Such a burden lies on the party who would be defeated if no evidence were given on either side.  *Ib.* 2871.

Upon the defendant's admission of the killing only, if the plaintiff could have recovered at all, his recovery would have been confined to nominal damages· because the defendant specifically denied the extent of his injury.  But a recovery of substantial damages, and not of the costs only, was what the plaintiff sought. The burden of proving the extent of his injury remained upon him throughout, and gave him the right to begin and reply.  *Springfield Railway* v. *Rhea*, 44 Ark. 258, 264; 1 Thompson, Trials, secs. 228–9.

No other objection is urged by the appellant.  Finding no error, the judgment is affirmed.