ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY
COMPANY *v.* NEELY.

Opinion delivered April 3, 1897.

RAILROADS—RIGHT OF WAY IN STREET.—Where a municipal corporation grants to a railroad company a right of way along a street without abandoning its use as a street, the public has the right to use the street as well as the railroad company, and the rights of each therein must be exercised with due regard to the rights of the other.

SAME—INJURY BY TRAIN—NEGLIGENCE.—Under the statute making railroads "responsible for all damages to persons and property done or caused by the running of trains in this state" (Sand. &. H. Dig., § 6349), the fact that a person in a street is injured by the fall upon him of a door from a car in a moving train is *prima facie* evidence of negligence on the part of the railroad company.

Appeal from Cleveland Circuit Court.

MARCUS L. HAWKINS, Judge.

*Dodge & Johnson* for appellant.

The accident happened upon the premises and right of way of defendant. Neely was a trespasser, and negligence must be alleged and proved. The only duty on the company was to avoid injury after discovering that he had placed himself in a position of peril. All the cases absolve defendant from negligence where there was no *scienter*, no information or knowledge to put defendant on notice of the probability of an accident occurring. 64 Iowa, 762; 28 A. & E. R. R. Cas. 404; 3 *id*. 498; 29 Oh. St. 364; 8 A. & E. R. Cas. 544; 59 Pa. St. 129; 10 Allen (Mass.), 372; 99 Mass. 216; 158 *id*. 312; 6 A. & E. R. Cases, 5; 83 Ill. 510; 1 Dillon, 579; 97 Mass. 276; 66 N. Y. 243; 41 *id*. 526; 16 C. C. A. 303; 81 Ia. 426, 430; 108 N. Y. 205; 18 S. E. Rep. 782; 66 N. Y. 243; 142 Mass. 296. The burden was on plaintiff to

show want of ordinary care on part of defendant. 52 N. Y. 476; 65 N. Y. 348; 80 *id.* 243; 64 Ia. 762; 75 Me. 380; 53 N. H. 448; 38 N. J. L. 346; 113 Pa. St. 152; 47 Mich. 584; 54 *id.* 66.

*John E. Bradley* for appellee.

The city ordinance only granted the right of way to the railroad company to use the street *in common with the public.* 16 Pick. (Mass.) 522; Tiedeman, Real Prop. (2 Ed.) sec. 607; 12 Ia. 246; 34 *id.* 249; 24 Am. & Eng. Enc. Law, pp. 45, 46, 47, and notes; 52 N. J. L. 55; 9 Am. & Eng. Enc. Law, p. 411, and notes; 23 *ib.* 946–7–8–9, etc.; 112 Ind. 59; 31 A. & E. R. Cas. 432; 28 *ib.* 655; 58 Am. Rep. 512. The proof of negligence is ample. 54 Ark. 209; 4 L. R. A. 420; 8 *id.* 798; 116 U. S. 642.

BATTLE, J. On the 21st of December, 1893, the St. Louis, Iron Mountain & Southern Railway Company was operating and moving one of its freight trains on and along Elm street in the town of Warren, in this state. At this time James F. Neely was returning from his residence to his office on the same street. While the freight train was passing him, a car door fell upon him from its place in a car in the train, and inflicted a serious injury. For the damages suffered from this injury he brought an action against the railway company, and recovered a judgment for $500; and defendant appealed.

Two legal questions are presented for our considertion. They are, first, was appellee, Neely, a trespasser upon appellant's right of way, at the time he was injured? and, second, was the burden upon him to show that his injury was the result of the negligence of the railway company?

The railway company contends that he was upon its right of way, and had no right to be there, when he was hurt. It bases this contention upon an ordinance of the

incorporated town of Warren, which granted the right of way to its predecessor, the Little Rock, Mississippi River & Texas Railway Company, through the street where the injury occurred. But there is no evidence that the street was vacated or abandoned by the town, or that the public ceased to use it as a highway. On the contrary, the evidence shows that it was continuously and frequently used as a street by pedestrians, and sometimes by wagons. Under these circumstances, the public still had the right to use the street, as well as the railroad company. These rights in most respects were equal and mutual, except that, "as the company can not so readily stop its trains or cars, and is confined to its track, it has the right of way of passage thereon, and persons who are upon the track must leave it, and give way until the train or car has passed." The rights of each must be exercised with a due regard to the rights of the other, in a reasonable and careful manner. *Louisville, etc. R. Co.* v. *Phillips*, 112 Ind. 59; *Bryson* v. *Chicago, etc. R. Co.*, 89 Iowa, 677; 3 Elliot on Railroads, secs. 1093, 1094, and cases cited.

Liability of railroad for injury by train.

Appellant further contends that, before appellee is entitled to recover, he must show, by positive proof, that the door of the car fell by reason of its negligence. But a statute of this state provides: "All railroads which are now or may be hereafter built and operated in whole or in part in this state shall be responsible for all damages to persons and property done or caused by the running of trains in this state." In *L. R. & Ft. S. R. Co.* v. *Payne*, 33 Ark. 816, this court held that the effect of this statute, in cases where stock has been killed or injured by the running of trains, is to make the railroad company responsible for the damage caused thereby, unless it be shown by the company that it was using due care at the time, or that the damage was not the result of its negligence. In *Tilley* v. *St. L. & San*

*Francisco Ry. Co.*, 49 Ark. 535, it was held that, according to the ruling of the court in the former case, the statute is equally applicable to injuries by fires, and that when it is proved, in an action against a railroad company for damages caused by a fire, that the fire originated from its engine, it devolves upon the company to exonerate itself from the charge of negligence. In *Railway Company* v. *Taylor*, 57 Ark., 136, it was held, that, "where the driver of a team of mules was using the right of way of a railroad company between its main and side tracks for the purpose of unloading freight from one of its cars, having gone there upon invitation of the company, and one of the mules was struck and killed by a passing engine,   *   *   *   the killing made a *prima facie* case of negligence, which cast upon the company the burden of showing that it had used due care." In the last case the court said: "If the plaintiff   *   * in developing his case had shown that he was wrongfully using the track of the railway as a highway for his mules and vehicle, and had shown no other fact save that the property was injured by the defendant's moving train, he would not have established a *prima facie* case under the statute, because, upon the case thus proved, he could recover only for a wanton injury, and the statute raises no presumption of wantonness. *St. Louis, etc. Railway* v. *Monday*, 49 Ark. 257, 264-5. But in this case the plaintiff adduced evidence tending to show that, at the time of the injury, he was using the right of way between the main and side tracks by the license and invitation of the company. If that was true, he was not a trespasser, but was there as of right, and the company owed him the duty to observe ordinary care to preserve his property from injury. The fact of injury is therefore evidence of the want of such care; that is, of negligence." .

The reasoning upon which these cases rest is applicable to the case before us. For the statute makes railroad companies responsible for damages to persons as well as to property, when they are done or caused by the running of their trains. Under the same circumstances, therefore, when the party injured is in no fault, the company should be liable for injuries to the person. Here the appellee was upon a public street at the time he was hurt. He was no trespasser. The railway company owed him the duty to employ reasonable means and exercise reasonable care to avoid injuring him. At the same time it was his duty to use reasonable care in protecting himself. The fact that he was injured by the running of appellant's train is *prima facie* evidence of its negligence.

We find no error in the record prejudicial to appellant.

Judgment affirmed.

BUNN, C. J., (dissenting.) I concur in the opinion of the court in this case, in so far as it gives damages to the plaintiff in the amount stated, because it appears from the evidence that the railway company, without proper remonstrance or affirmative action to prevent the use of the short cut or by-path by pedestrians, upon which the plaintiff was passing when injured, may have, impliedly at least, invited persons to make use of the path.

But I do not concur in the court's opinion in so far as it defines the right and tenure by which the railway company occupied the street as a right of way.

The right of a railway company to what is generally termed a right of way, in the rural or suburban districts, is exclusive, although it may be but an easement, for there are easements and easements, almost as numerous and varied in their characteristics and effects, as

there are instances in which they exist. *Jackson* v. *R. & B. Railroad Co.*, 25 Vt. 159; *Hurd* v. *R. & B. Ry. Co.*, 25 Vt. 116; *Conn. & Pass. River Ry. Co.* v. *Holton*, 32 Vt. 43; Redfield on Railways, 127, note 15, page 11; Elliott on Railways, vol. 3, also section 1152.

The subject of railroad rights of way over and along the streets of towns and cities has been for a long time a fruitful theme of discussion by courts and jurists. Many of the cases are cases of grants to street railways, which in the very nature of things have little or no application to cases of railways over which steam engines run, or in other words ordinary railroads. A street railway is never exclusive in its occupancy of a street. The nature of its business, and the patronage it seeks, and the manner of operating its cars, all make it more profitable for itself and more convenient for the public that its occupancy of the street be not exclusive, but rather joint with ordinary travel and traffic.

It may be admitted that a municipality has no authority to grant to a railroad a right of way over its streets at all, without authority from the legislature. The authorities go to the extent of saying that even the legislature cannot confer this authority upon cities and towns to grant rights of way over any of their streets, where the abutting owners own the deed to the center of the streets, or, more accurately speaking, where the fee in the land occupied by the streets is owned by private individuals, who have given the easement for the purposes of streets only.

Attempts have been made to adopt the same rule where there is no private interest in or ownership of a street, but where it is the property of the public purely; but these attempts are scarcely more than expression of the opinion of authors who think such ought to be the rule. The rule now is that the legislature can authorize a city or town to grant a right of way to a railroad company over

any of its streets owned by the public, and whether this grant be exclusive of a similar grant to any other railroad seems to be a matter to be determined by the language of the grant.

Much of the discussion of this subject goes no further than to the inquiry whether or not the grant can be made lawful by an act of the legislature, without some provision therein which provides for the payment of compensation, as in condemnations under the law of the right of eminent domain. But all that only goes to show that the right of way may be claimed by the railroad companies as a matter of right, upon complying with the terms of the law.

I am of opinion that, in any case, it ought to be held as contrary to public policy to grant a joint use to railroad companies and the public generally over a street, especially where the grant to the railroad, as in the case at bar, is expressly of the whole street. But, be this as it may, I am of the opinion that the right and tenure by which appellant company holds the street in Warren, seeing that the grant by the town has been ratified by the legislature, depends upon whether the public or abutting owners owned the fee in the ground taken up by the streets, and by the construction to be placed upon the act and the grant, whether they be in full or restricted by express words; and, as we have no evidence of the ownership of the street, the question cannot be decided, as I think, on this record.