LITTLE ROCK & FORT SMITH RAILWAY COMPANY *v.* BLEWITT.

Opinion delivered April 16, 1898.

1. INJURY AT RAILROAD CROSSING—PRESUMPTION.—Under Sand. & H. Dig., § 6349, making railroads "responsible for all damages to persons or property done or caused by the running of trains in this state," an instruction that if plaintiff's intestate was struck and killed by defendant company's engine, it was *prima facie* proof of negligence on the part of the company, is a correct statement of the law. (Page 237.)

2. RAILROAD CROSSING—DUTY TO LOOK OR LISTEN.—As a general rule, it is
the duty of a person approaching a railroad crossing to look or listen;
and an instruction that "it is a question of fact for the jury to find, from
the circumstances of each particular case, whether or not the party in-
jured acted as a reasonably prudent man in undertaking to cross the
track without first listening and looking for approaching locomotives,"
is erroneous, where no exceptional circumstances are in evidence.
(Page 238.)

Appeal from Johnson Circuit Court.

JEREMIAH G. WALLACE, Judge.

### STATEMENT BY THE COURT.

Action by Frankie P. Blewitt, administratrix, against
the Little Rock & Fort Smith Railway Cnmpany to recover
damages for the killing of G. F. Blewitt.    Blewitt was struck
and killed by an engine of appellant moving upon a switch or
"Y" at or near a public crossing in the town of Coal Hill,
about 1 o'clock a. m. of a dark night.    The engineer was not
on the engine at the time of the accident, and it was being op-
erated by the fireman.    A watchman, named Parker, was sitting
on the pilot beam of the engine.    The fireman did not see
Blewitt, and the first notice he had that a person was on the
track was a scream by Parker.    The engine was stopped, and
Blewitt was found under the pilot, and lived only a short while
after being taken out.    Parker was absent, and did not testify
at the trial.    The fireman who was operating the engine testi-
fied that the headlight upon the engine was burning, and that
he was keeping a lookout, and said that he did not know why
he failed to see Blewitt.

There was evidence tending to show that there was no
headlight on the engine at the time of the accident, and some
evidence tending to show that Blewitt had been drinking, and
was under the influence of intoxicating liquor at the time he
was struck.    There was a verdict and judgment in favor of
plaintiff.

*Oscar L. Miles* and *Dodge & Johnson*, for appellant.

Appellee was guilty of contributory negligence to such
an extent as bars his recovery.    36 Ark. 371; 36 Ark. 46; 48
Ark. 125; 98 U. S. 439; 46 Ark. 388; 46 Ark. 535; 61 Ark.

555; 62 Ark. 164; 61 Ark. 620;  64 Ark. 364; 36 Ark. 371; 36 Ark. 46;  46 Ark. 333;  46 Ark. 522;  49 Ark. 263; 62 Ark. 250; *ib.* 235; 62 Ark. 170; Beach, Cont. Neg. § 27; 32 Iowa, 467; 4 Am. & Eng. Enc. Law, p. 17, 4 note, 3; Pierce, Railroads, 323; 7 Am. &. Eng. R. Cas. (N. S.) 115; 61 Md. 168; Beach, Cont. Neg. (2 Ed.) 391; 46 Ark. 522; 1 Dillon, 579; 47 Ark. 502. The facts being undisputed, negligence and contributory negligence became questions of law, and the court should have directed a verdict for defendants. 61 Ark. 555. No presumption of negligence arises from the killing. 58 Ark. 472; 48 Ark. 480; 2 Thomp. Neg. 1232; 49 Ark. 264. It is negligence to fail to look and listen for approaching trains, before venturing on a railway track. 56 Ark. 427; 61 Ark. 549; 62 Ark. 157; 62 Ark. 335; 62 Ark. 245. The court erred in refusing to give the instructions numbered 4, 5, 10 and 11, asked by appellant. They properly declared the law relating to accidents at public crossings, and should have been given. 54 Ark. 431; 56 Ark. 42; 62 Ark. 156. The verdict is far in excess of any reasonable expectation as to what deceased would have done for his family had he lived. 57 Ark. 384.

*Geo. A. Mansfield*, for appellee.

The presumption is in favor of the correctness of the instructions. 57 Ark. 304; *ib.* 90. The testimony does not show deceased to have been guilty of contributory negligence. Defendant's engineer was negligent. 54 Ark. 214. The instructions of the court fairly cover the case, and are correct. The verdict is not excessive. 57 Ark. 377.

RIDDICK, J., (after stating the facts.) This is an action by the administratrix of the estate of T. F. Blewitt against the railway company to recover damages for having caused his death. The circuit judge instructed the jury that if Blewitt was struck and killed by an engine on appellant's railway, this was *prima facie* proof of negligence on the part of said company. The company contends that this was error, but the same question was considered in the case of *St. L., I. M. & S. R. Co.* v. *Neely* (63 Ark. 636), recently determined by this court; and it was ruled in that case, under section 6349, Sand. & H.

Dig., which makes "railroads responsible for all damages to persons or property done or caused by the running of trains in this state," that the fact that a person in a street is injured by the fall of a door from a car in a moving train is *prima facie* evidence of negligence on the part of the railway company. There is no difference in principle between that case ¡and the one we have here on this point, unless it be in the fact that there were no cars attached to the engine at the time of the accident in this case; but that is a matter of no importance, for the engine and tender was a train, within the meaning of the statute above referred to.    *Hollinger* v. *Canadian Pacific R. Co.*, 21 Ont. 705; 26 Am. & Eng. Enc. Law, 528, note 5; *Railway Company* v. *Taylor*, 57 Ark. 136,

We therefore conclude that the charge of the circuit judge on this point was correct, for the reason that the statute upon which his ruling was based makes no distinction between injuries to persons and those to property. We have frequently held that, under this statute, a *prima facie* case of negligence is made against the railway company by proof of injury to livestock from a moving train or engine; and the same presumption arises from an injury to a person.    *St. L., I. M. & S. R. Co.* v. *Neely*, 63 Ark. 636; *Railway Company* v. *Taylor*, 57 Ark. 136.

We will next notice the exception to the charge of the presiding judge in reference to the duty of Blewitt to look and listen for approaching trains before attempting to pass the crossing.    In his charge to the jury on this point, the judge said that the rule requiring a person about to cross a railroad track to look and listen for approaching trains was not an inflexible rule of law, but, he said, "it is a question of fact for the jury to find from the circumstances of each particular case whether or not the party injured acted as a reasonably prudent man in undertaking to cross the track without first listening and looking for appoaching locomotives." In other words, the presiding judge left it to the jury to say whether, under the facts of this case, Blewitt was required to look and listen for approaching trains before attempting to cross the track.

. The law is now well settled that one approaching a railroad crossing must look and listen for approaching trains, and

when, by the due exercise of care in this respect, the danger could have been discovered and avoided, no recovery can be had. *Railway Company* v. *Cullen*, 54 Ark. 431; *Railway Co.* v. *Tippett*, 56 Ark. 439; *Martin* v. *Little Rock & Ft. S. R. Co.* 62 Ark. 158; Elliott, Railroads, § 1166. This is a rule of law, and only in exceptional cases is it proper to submit to the jury the question as to whether the failure to exercise such precaution is excusable. 2 Woods, Railroads, 154; 3 Elliott, Railroads, § 1166. We see nothing in this case to excuse Blewitt from the exercise of such care. He was not invited to cross the track by the company or its agent. He lived near the crossing, and knew that engines frequently passed there at night. Although the night was dark, objects could be distinguished for short distances. There is conflict in the evidence as to whether the headlight upon the engine was burning at the time Blewitt was struck; but if we assume that the engine was being operated without a headlight, and that the darkness prevented Blewitt from seeing the engine, yet certainly there was no reason why he should not have listened; for, if he could not see, there was all the more reason that he should have made a vigilant use of his sense of hearing. We are therefore of the opinion that the circuit judge erred in the declaration of law above referred to. The charge given by the presiding judge seems to have been carefully prepared, and on most points the law was well stated; but the error noticed occurs in several portions of the charge, and in a modification of an instruction asked by appellant, and we think was prejudicial.

The theory of counsel for appellee is that Blewitt exercised due care, and heard the engine, before attempting to cross the track, but, upon looking for it, was misled by the fact that no signal was given for the crossing, and no headlight was burning on the front of the engine, and that, supposing under these circumstances that the engine was moving in another direction, he attempted to cross, and was killed; but we need not discuss the case on that theory, for we cannot say that the jury based their verdict on such a finding. Under the instructions given, the jury may have believed that Blewitt neither looked or listened, and may have based their verdict on a conclusion of their own that it was not his duty to look and listen. The

jury should have been told as a matter of law that it was the duty of Blewitt to look and listen for approaching engines and cars before attempting to pass the crossing, and that, if the facts and circumstances in proof showed that he was guilty of carelessness in this respect, contributing to his injury, no recovery could be had.

The facts in this case are peculiar; but, as the judgment must be reversed, and as the evidence does not appear to have been fully developed at the recent trial, it is unnecessary to express an opinion concerning the evidence, or upon the question as to the sufficiency of the same to sustain the verdict. We do not discover in the charge of the judge to the jury any material error, except as noticed.

For the errors indicated, the judgment is reversed, and the cause remanded for a new trial.