PRESCOTT & NORTHWESTERN RAILWAY COMPANY *v.* BROWN.

Opinion delivered April 1, 1905.

1. TRIAL—RIGHT TO OPEN AND CLOSE.—Although the defendant in an action against a railroad company for negligently killing an animal admits the killing, its failure to controvert the allegations as to the value of the animal does not admit them, so that the burden of proof is not shifted, and the plaintiff is entitled to open and close the argument. (Page 608.)

2. KILLING OF ANIMAL—OWNER'S CONTRIBUTORY NEGLIGENCE.—The fact that one of the appellees on a certain occasion rode the mule sued for

along defendant's roadbed for some distance at the place where it was subsequently killed did not tend to establish contributory negligence on his part. (Page 608.)

3. RAILROADS—DUTY TO KEEP LOOKOUT FOR STOCK.—Under Kirby's Digest, § 6607, it is the duty of railroad companies to keep a lookout for stock on its track, and the burden is on it to show that such lookout was kept. (Page 609.)

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Action by J. U. Brown and Robert Fultz against Prescott & Northwestern Railway Company to recover damages for the killing of a mule. Plaintiffs recovered, and defendant appealed. Affirmed.

STATEMENT BY THE COURT.

This was an action by appellees for damages for the killing of a mule on appellant's railroad. The complaint alleges "that in January, 1901, the defendant, while operating its train in Hempstead County, carelessly and negligently caused its train to run over and kill a mule belonging to the plaintiffs, of the value of $117.50; that the defendant did not post any notice of the killing of said mule and keep the same posted as required by law; that by reason of the negligent killing of said mule the plaintiffs have been damaged in the sum of $117.50; and by failure of defendant to post the notice of the killing of said mule, and to keep the same posted as required by law, the defendant is liable to the plaintiffs in the further sum of $117.50. Plaintiffs therefore pray the court for judgment against the defendant for the sum of $235, and for his costs and proper relief."

To this complaint, defendant answered as follows:

"It admits that it killed the mule in question, but says that such killing was without negligence on its part, and that it is therefore not liable for damages for said killing; that the killing of said mule was caused by the negligence of its owner, and therefore this defendant is not liable in damages for said killing."

When the case was called for trial, appellant moved the court for permission to open and conclude the case; this request and motion was by the court overruled, and defendant excepted, and had its exceptions made of record.

This motion was renewed at the close of the evidence and instructions, and was again denied. There was a verdict for $100, and the court increased the amount $100 for failing to post, and rendered judgment for $200.

*C. C. Hamby,* for appellant.

It was error to refuse to permit appellant to open and close the argument. 59 Ark. 140; 58 Ark. 556; 61 Ark. 627. The verdict is not supported by the evidence. 36 Ark. 607; 37 Ark. 593; 39 Ark. 413; 41 Ark. 161; 48 Ark. 366; 40 Ark. 336; 66 Ark. 439; 67 Ark. 514.

*J. O. A. Bush,* for appellee.

The appellees were entitled to open and close the argument. Kirby's Dig. § 6196; 57 Ark. 136; 1 Thompson, Tr. § 228.

Wood, J., (after stating the facts.)   1.   The question of negligence was submitted to the jury upon proper instructions, and there was evidence to support the verdict.

2.   Appellees under the pleadings and proof had the right to open and close the argument. The burden of proof was upon them. Section 6137 of Kirby's Digest provides that "allegations of value, or of amount of damage, shall not be considered as true by the failure to controvert them." It is held in *Railway Company* v. *Taylor,* 57 Ark. 136, that (quoting syllabus) "the right to open and close the argument abides with the plaintiff so long as he has anything to prove in order to recover a verdict for more than nominal damages." The failure to controvert the value of the animal did not relieve appellee of the burden of proving it, in order to show the extent of his injury or damage. *Derrick* v. *Cole,* 60 Ark. 394; *Springfield & Memphis Ry. Co.* v. *Rhea,* 44 Ark. 258.

3.   It is urged that the court ignored the doctrine of contributory negligence in refusing to grant appellant's request for

instruction No. 3*, and in failing to mention it in the instructions given. There is nothing in the evidence to warrant an instruction upon the subject. The fact that one of the appellees on one occasion some time prior to the killing (just when it is not shown) was seen riding the mule that was killed along the track of the railroad for some distance at the place where the mule was killed would not even tend to establish contributory negligence. Yet this was all the evidence upon which appellant predicated its request for instruction No. 3. We are unable to see how riding the mule one time along appellant's railroad fifty yards at the place where it was afterwards killed would tend to establish contributory negligence in appellees at the time of the killing. The idea is far-fetched.

4. Appellant claims that it was error to charge the jury that the burden was upon it to show that it kept a lookout for stock upon the track, and contends that it was not the duty of the appellant to keep a lookout for stock, under the decision of this court in *Memphis & Little Rock Ry. Co.* v. *Kerr,* 52 Ark. 162. That case was decided at the May term, 1889. In April, 1901, the Legislature passed the "lookout" statute. Kirby's Dig. § 6607. Since then it has been the duty of railroads to keep a lookout for property on their tracks, and in case of injury to such property the burden is upon the railroad to show that the lookout was kept in order to absolve them from the charge of negligence in failing to keep such lookout. *Railway Company* v. *Taylor,* 57 Ark. 136; *St. Louis Southwestern Ry. Co.* v. *Russell,* 62 Ark. 182; *St. Louis Southwestern Ry. Co.* v. *Russell,* 64 Ark. 236; *St. Louis, I. M. & S. Ry. Co.* v. *Pritchett,* 66 Ark. 46.

There was no error. Affirm.

---

*Appellant's request for instruction No. 3, which was refused, was as follows:

"3. The jury are instructed that no one has the right to ride on or along the roadbed of a railway, and that every one so riding is a trespasser; and if in this case the jury believe from the evidence that the plaintiff, R. Fultz, by frequently riding the mule in question on and along defendant's roadbed, so accustomed said mule to travel on said roadbed that when it got loose it naturally took the roadbed, instead of the other route, then the plaintiff will be guilty of contributory negligence, and you will find for the defendant."