State, use Hecht & Bro. vs. Spikes et al.

STATE USE HECHT & BRO. V. SPIKES ET AL.

| 33 | 801 |
| 55 | 63 |

INTERPLEADER : *Statute construed.*

Section 2671 *Gantt's Digest*, giving to the claimant of personal property which is levied on as the property of another, the right to give bond and suspend the sale, applies as well to property about to be sold under a special execution in attachment, as to that levied on under a general execution.

FORMER JUDGMENT: *Pleading ; evidence.*

Where it is necessary to plead a former judgment in bar of an action, it can not be given in evidence, unless pleaded. And it can not be pleaded when rendered after the commencement of the suit.

JUDGMENT: *Evidence.*

A judgment condemning attached property to be sold, is *pvima facie* evidence in a suit between the plaintiff in attachment and an interpleader, that the title to the property is in the defendant in the attachment, but is not conclusive.

APPEAL from *Randolph* Circuit Court.

Hon. L. L. MACK, Circuit Judge.

*Moore*, for appellants.

*Henderson & Caruth, contra.*

ENGLISH, C. J. :

On the 3d of August, 1875, this suit was commenced in the Circuit Court of Randolph county, in the name of the State for the use of Levi Hecht & Bro., against John F. Spikes, sheriff of said county, and Samuel R. Murdock and William Thompson, sureties, on his official bond.

The complaint, after setting out the bond and its conditions, alleged a special breach in substance as follows :

That on the 5th day of May, 1875, Hecht & Bro., in an action by attachment, recovered a judgment in the Circuit Court of Randolph county against Brilliant & Son, for $399, etc., and for costs, etc.

That on the 28th of May, 1875, a special execution issued on the judgment, commanding the sheriff to sell 600 walnut logs,

50

attached and condemned by the judgment, returnable in sixty days, which, on the day it was issued, came to the hands of defendant, Spikes, as sheriff, to be by him executed, etc. That he levied on the logs the 5th of June, 1875, but wholly neglected and failed to advertise and sell them, or otherwise obtain satisfaction of the execution.

At the return term, November, 1875, defendant demurred to the complaint, and on the 12th of August, 1876, the demurrer was overruled, and on the 18th of the same month they filed an answer.

On the 11th of August, 1877, by leave of the court, they filed an amended answer, in substance as follows:

I. Defendants admit that defendant, Spikes, was sheriff, that the special execution came to his hands, and was duly levied upon the property as alleged in the complaint; but aver that after said property was levied upon, and before it could be or was advertised for sale, "one Eli Heavener, claiming to be the lawful owner of said 600 walnut logs, interpleaded therefor, and by virtue of a bond, conditioned according to law, tendered, said Spikes surrendered said walnut logs into the possession of said Eli Heavener, he having by due course of law, demanded the same, and being by law entitled to the possession of said property, said execution was suspended."

II. That Brilliant & Son were not the owners of the logs.

III. That the legal fees for levying upon, advertising and selling said logs were not paid or tendered to Spikes.

Concluding with a general denial of the breaches assigned, and an averment of performance of the conditions of the bond.

The case was submitted to a jury on the day the amended answer was filed.

The plaintiff read in evidence the original writ of attachment issued 16th of March, 1875, in the suit of Hecht & Bro.

against Brilliant & Son, and the return of defendant, Spikes, as sheriff, thereon, showing that on the 23d of the same month he had attached 600 walnut logs lying on both banks of Eleven Point river, in Randolph county, as the property of Brilliant & Son.

Also the following record entry:

"RANDOLPH CIRCUIT COURT,

"Tuesday, May 11, 1875.

"Levi Hecht & Bro. v. J. S. Brilliant & Son.

"Now, on this day, comes Eli Heavener, by attorney, and by leave of the court, files a motion for leave to interplead in this cause."

Also the record entry of the judgment in the same suit, rendered by consent of the defendants therein for $399, debt, etc., 15th of May, 1875, reciting the attachment of the 600 walnut logs, condemning them to be sold in satisfaction of the judgment, and ordering a special execution for the sale thereof.

Plaintiff also read in evidence the special execution issued upon the judgment, 28th of May, 1875, with the return indorsed thereon, as follows:

"I hereby certify that the within execution was served by levying the same on six hundred walnut logs, as the property of J. S. Brilliant & Son, on the 5th day of June, A. D. 1875, in the presence of Nan Johnson, at the county of Randolph and State of Arkansas.

"JOHN F. SPIKES, *Sheriff.*"

"I hereby certify that I have not sold the within 600 walnut logs, as commanded, for the reason that Eli Heavener claims the same as his property, as is shown by his pleading filed in the Randolph Circuit Court, and further has given to me, as sheriff of Randolph county, a good and sufficient bond for the

delivery of said property in case he shall fail to establish his claim to same as his property ; this the 24th day of July, 1875..

"JOHN F. SPIKES,. *Sheriff*.

"Returned and filed, July 26, 1875.

"THOS. T. ROBINSON, *Clerk*.

"By WM. A. LUCAS, D. C."

Here the plaintiff rested.

The defendants were permitted to read in evidence, against the objection of the plaintiff, the following record entries :

"RANDOLPH CIRCUIT COURT,

"Wednesday, August 16,. 1876.

"Levi Hecht & Bro. v. J. S. Brilliant & Son.

"Now, on this day, comes Eli Heavener, by attorney, and by leave of the court files his interplea in this cause."

"RANDOLPH CIRCUIT COURT,

"Thursday Morning, August 17, 1876.

"Levi Hecht & Bro., Plaintiffs, v. J. S. Brilliant & Son,. Defendants ; Eli Heavener, Interpleader.

"Now, on this day, comes the plaintiff, by attorney, and moves the court to dismiss the interplea in this cause ; and thereupon comes Eli Heavener, by attorney, and resists said motion, and after argument of counsel, said motion is, by the court, overruled. Whereupon the plaintiffs, by attorneys, by leave of the court, withdraw said motion, and withdraw from the case.

"And the interplea in this cause coming on to be heard, the defendants, although solemnly called, come not, but make default ; whereupon Baber & Henderson, who were formerly attorneys of record for the defendants, notified the court that they had withdrawn from the cause.

"Thereupon comes a jury, consisting of C. W. Brown and eleven others of the regular panel, who, after hearing the evidence adduced, and instructions of the court, retired to con-

:sider of their verdict ; and after a brief absence, they returned into court the following verdict : 'We, the jury, find the prop-erty, to-wit : Six hundred walnut logs, in controversy, to be the property of the interpleader, Eli Heavener.

'C. W. BROWN, *Foreman.*'

"It is, therefore, by the court, considered and adjudged that the interpleader, Eli Heavener, be and he is hereby sus-tained in his possession of the property sued for, to-wit : Six hundred walnut logs, and that he have and recover of and from the plaintiffs all his costs in this suit pending."

Defendants then introduced, as a witness, John F. Spikes, who testified in substance, that the property levied on by vir-tue of the execution, read in evidence by plaintiff, was the same property claimed by Eli Heavener, as shown in his return indorsed upon said execution. That no legal fees had been paid or tendered to him by plaintiff in the execution, or any person for them, for serving said special execution. On cross-examination, he stated that he had agreed to serve all process in favor of plaintiff without any fees being advanced to him, but that after said agreement there had been a dispute about some fees due in an attachment suit, and after that time he considered said waiver by him for all fees for serving process for plaintiff at an end, but that he had not told them so at any time, or declined to serve their process without his fees first being paid.

Defendants also read in evidence [the bill of exceptions :states] the bond returned by Spikes of Eli Heavener, with said :special execution ; [but the bond is not in the bill of exceptions, or in the transcript], and here defendants rested.

Levi Hecht was then introduced as a witness, who testified that Spikes had not given him any notice of requiring him to tender fees in advance for executing process in his favor, but had always told him that he would serve all process that came

to his hands without fees being advanced ; that he knew he could get the money at any time called for.   That witness told him that if his attorneys said the commissions he claimed were legal for levying attachment in the case referred to by Spikes, he would pay them ; but that his attorney told him and Spikes that no commissions were due Spikes for levying an attachment where there was no order of sale of property attached.

John P. Blake testified, and [the bill of exceptions states] fully corroborated the testimony of Levi Hecht.   .

The above being all of the evidence introduced on the trial of this cause, the court, against the objection of plaintiff, instructed the jury as follows :

"1. If the jury believe from the evidence that defendant, (Spikes) was ordered by a special execution in favor of plain-tiffs, (Hecht & Bro.) against Brilliant & Son, issued upon a judgment of the Circuit Court of Randolph county, in favor of said plaintiff against said Brilliants, in which judgment the property attached was adjudged to belong to said Brilliants, and that defendant, Spikes, after tender and waiver of his fees as such sheriff, from the plaintiff, failed, neglected and refused to levy, advertise and sell said walnut logs, they must find for the plaintiff ; unless they further find that after the levy of the execution upon such judgment, Eli Heavener, as interpleader, in the Circuit Court, where the said judgment was rendered, and said execution was returnable, recovered said property in his right, of which recovery the plaintiff had notice, in which case the jury will find for the defendants.

"2. If the jury find from the evidence that Eli Heavener, the interpleader herein, after the levy on the property in ques-tion, and before the sale thereof, claimed said property and executed a bond in double the value of the property to the plaintiff in execution, to the effect that if said property or any portion thereof, should be adjudged subject to

execution, he would pay the plaintiff the value of the property so subject, and ten per cent thereon ; and if they find from the evidence that the defendant having the execution in his hands, as sheriff, had said property appraised by three disinterested house-keepers, as required by law ; and the defendant, as such sheriff, returned said bond with the appraisement annexed thereto, to the Circuit Court's of Randolph county, and that the interpleader, Levi Heavener, appeared in said Circuit Court and asked leave to interplead in said court, and upon the hearing of said interplea, said property was adjudged to be the property of said interpleader, they will find for the defendants, although they may find that the fees were tendered the defendant, (Spikes) or waived or otherwise arranged."

The jury returned a verdict in favor of defendants ; and judgment was rendered against Hecht & Bro., for whose use the suit was brought for costs.   A motion for a new trial was filed and overruled, and an appeal granted by the clerk of this court.

I. It appears that the interpleader's bond relied on in the first paragraph of the answer of appellees as a justification to the sheriff, for not selling the logs under the special execution, was read in evidence on the trial, but appellant failed to bring it upon the record by incorporating it in the bill of exceptions taken to the decision of the court overruling the motion for a new trial.   It was the duty of appellant who seeks to reverse the judgment for error, to set out the bond in the bill of exceptions, and having failed to do so, it must be presumed that the bond was in good form—in the form prescribed by law, if there be any law authorizing a sheriff who has levied upon property under a special execution issued upon a judgment in a suit by attachment to suspend a sale, upon the execution of a bond by one who claims the property and desires to interplead for it.   *Taylor* v. *Spears,* 8 Ark., 433.

The bond, we presume, was not executed under the provisions of the act of 19th of January, 1861, of which sections 469 to 473 of *Gantt's Digest*, under the general caption, "ATTACHMENT," and sub-title, "INTERPLEADER," are made up, because that act provides for the bonding of property by a claimant, and an interplea and a trial of the right of property, where there is a levy of a *writ of attachment* upon property claimed by a person not a party to the writ, etc. In its language it does not provide for bonding property and interpleading for it, where it is levied upon under a special execution issued upon a judgment in an attachment suit condemning the property to be sold to satisfy the judgment, as in this case.

Sections 432 to 436, *Gantt's Digest*, under "ATTACHMANT," provide that any person may claim property attached at any time before the sale thereof, etc., and have a trial of the right of property, and if the claimant be a non-resident, he shall give bond for costs ; but no provision is made by these sections for the claimant to bond the property and stay the sale until there can be a trial of the right of property.

But no doubt, from the language used by the court below in the second instruction to the jury, the bond read in evidence was taken under the provisions of Sections 2671 to 2676, *Gantt's Digest*, caption, "EXECUTION."

The language of Section 2671 is general and comprehensive. It is, that "the sale of personal property upon which an execution is levied, shall be suspended at the instance of any person, other than defendant in the execution, claiming the property, who shall execute, with one or more sureties, sufficient for double its value, a bond to the plaintiff in the execution, to the effect that if it shall be adjudged that the property, or any part of it, is subject to execution, he will pay the plaintiff the value of the property so subject, and ten per cent thereon,

not exceeding the amount due on the execution, and ten per cent thereon.''

To give this statute a narrow construction, and hold that it applies only where a general execution is levied on property, and not where attached property is about to be sold under a special execution, would make an omission in legislation, and leave a claimant in the latter case without the means of staying a sale until he could interplead and have a trial of the right of property, and perhaps drive him to a suit against the sheriff or purchaser at the sale.

It appears that Heavener had knowledge that the logs were attached before the judgment was rendered and the execution issued in the attachment suit, for he asked and obtained leave to interplead for the property on the 11th of May, 1875 ; and judgment was not entered until the 15th of the same month ; and he might have bonded and interpleaded for the logs under sections 469–71 of the Digest. But it might frequently happen that one owning property or having a lien upon it would have no notice that it had been attached as the property of another, until after the judgment and execution ordered in the attachment suit. In such case the claimant might interplead for the property under sections 432–4 of the Digest ; but unless he could stay the sale by bonding it under sections 2671–76, the sheriff would have to proceed with the sale regardless of his interplea. But be this as it may, there was a further defense in the case.

II. Appellees were permitted to read in evidence, against the objection of appellant, the record of the trial and judgment on the interplea.

It is submitted that the record was inadmissible because the judgment was not pleaded.

Where it is necessary to plead a former judgment in bar of an action, it cannot be given in evidence unless pleaded,

because of the general rule that the proof must correspond with the allegations.

In this case the judgment could not have been pleaded in bar of the action, because it was rendered after the suit was commenced.    *Walker* v. *Bradley*, 2 Ark., 578 ; *Burton* v. *Hynson*, 7 Ib., 502.

By the second paragraph of the answer of appellees, they pleaded that the title to the 600 walnut logs was not in Brilliant & Son, the defendant in the attachment.

The onus of proving this plea was upon them.    The logs having been attached and condemned to be sold by the judgment in the attachment suit as the property of Brilliant & Son, this made a *prima facie* case that the title was in them, but it was not conclusive upon the appellees, who were not parties to the attachment suit.    Appellees had the right to prove, as they pleaded, that the title to the property was not in Brilliant & Son.    To prove this they offered in evidence the judgment upon the interplea of Heavener..    Hecht & Bro., who are the virtual plaintiffs in this suit, were the plaintiffs in the attachment suit in which Heavener interpleaded and claimed title to the logs.    There was a trial and judgment, by a court of competent jurisdiction, that the title to the logs was in him, and not in Brilliant & Son.    Hecht & Bro. had notice and opportunity to contest the interpleader's claim.    They moved to dismiss the interplea, and, on the motion being overruled, they voluntarily declined any further contest.    The trial proceeded, judgment was rendered for the interpleader, and they took no appeal as they might have done.    This judgment was conclusive upon them, that the title to the logs was not in Brilliant & Son, but in the interpleader.    *Hershy* v. *Clarksville Institute*, 15 Ark., 131.

III. The matter of tendering the sheriff his fees is of no consequence in this case.    The statute requires them to be

tendered before he can be compelled to execute process. *State Use* v. *Brown et al.*, 30 Ark., 761, but no doubt he may waive the tender or payment of his fees in advance.

The judgment of the court below must be affirmed.