MANSUR & TEBBETTS IMPLEMENT CO. *v.* DAVIS.

Opinion delivered February 8, 1896.

TRIAL—ATTACHMENT—OPENING AND CONCLUSION OF ARGUMENT.—
Where, on the trial of an intervention in an attachment suit, the
plaintiff admits the sale and delivery of possession of the attached
property to the intervener before the attachment, but alleges that
such sale was fraudulent, the burden of proof is on plaintiff, and
he is entitled to open and conclude the argument.

Appeal from Miller Circuit Court.

RUFUS D. HEARN, Judge.

*W. H. Arnold*, for appellant.

The court erred in refusing plaintiff the right to open and conclude the argument. When a party assumes the burden of proof, he is entitled to open and conclude the argument. 58 Ark. 446; 32 *id*. 593; 29 *id*. 151; 59 *id*. 143.

*T. E. Webber*, for appellee.

The burden remained on the interpleader to make out his case. 58 Ark. 446; 29 *id*. 270; 27 *id*. 504; 45 *id*. 492; 53 *id*. 96; 58 *id*. 564; 55 *id*. 59. But, if error, it was harmless. The right to open and conclude is of value only when the party applying for it has testimony to argue. Here they have nothing but inferences, suspicions and illogical conclusions, not based on the testimony. The showing made by appellee was complete and convincing, and, in the absence of proof to destroy it, no order of argument could disturb it.

PER CURIAM. This was an attachment by the Mansur & Tebbetts Implement Company against Robert Ellis, in the Miller circuit court, on the ground that he had disposed of his property with the fraudulent intent to cheat, hinder and delay his creditors. N. L. Davis,

the appellee, interpleaded, claiming the goods by pur-
chase from the defendant.   Defendant, Ellis, filed an affi-
davit controverting the affidavit for attachment ; and, on
the trial of this issue, judgment was for plaintiff for its
debt, and the attachment was sustained.

Thereupon, plaintiff filed an answer to the interplea,
admitting the sale by defendant to interpleader, and the
delivery to him of the possession of the goods sold, as
alleged in the interplea, previous to the issuance of the
writ of attachment, and that the property was so in the
possession of the interpleader when the writ of attach-
ment was served by the sheriff, but alleged that, at
the time of said sale by defendant, Ellis, to interpleader,
Davis, the defendant was largely indebted, and was, in
fact, insolvent, and that said sale and transfer was
without consideration, and for the purpose of cheating
and defrauding the defendant's creditors, and of hinder-
ing and delaying them in the collection of their debts.

Before the introduction of testimony, plaintiff asked
to assume the burden of proof, and this was refused ;
and after the evidence was all in, and the instructions
settled, plaintiff moved the court that, as it had admit-
ted the sale to, and possession of, the interpleader, and
thus made a *prima facie* case for him, and as the re-
maining issue was as to the *bona fides* of said sale, as to
which issue the burden was on it, to permit it to open
and conclude the argument.   This motion was over-
ruled, and plaintiff reserved exceptions.

Section 2927, Sandels & Hill's Digest, reads thus :
"The party holding the affirmative of an issue must
produce the evidence to prove it."   Section 2928 :   "The
burden of proof in the whole action lies on the party
who would be defeated if no evidence were given on
either side."   The 3rd sub-division of section 5820, San-
dels & Hill's Digest, reads thus :   "Third.   The party
on whom rests the burden of proof in the whole action

must first produce his evidence.    The adverse party will then produce his evidence."    The 6th sub-division of the same section reads thus:    "Sixth.    The parties may then submit or argue the case to the jury.    In the argument the party having the burden of proof shall have the opening and conclusion; and if, upon demand of his adversary, he shall refuse to open and fully state the grounds upon which he claims a verdict, he shall be refused the conclusion."

The majority of the court are of the opinion, that upon the state of case here made by the pleadings, the motion of plaintiff should have been sustained, and that, in overruling the same, the court erred, and that the error is such that the judgment must be reversed. *Railway Co.* v. *Taylor*, 57 Ark. 137; *Tobin* v. *Jenkins*, 29 Ark. 151.

In other respects this cause is on a footing with the cases of *Hargadine-McKittrick Dry Goods Co.* against *N. L. Davis, Interpleader* (No. 2811), and *Stern, Lauer, Shohl & Co.* against *N. L. Davis, Interpleader*, (No. 2881), determined to-day,* and would be affirmed except for the error mentioned.

Reversed, and remanded for further proceedings not inconsistent with this opinion.

---

*Orally decided.