JONES v. SEYMOUR.

Opinion delivered July 11, 1910.

1. TRIAL—ATTACHMENT—INTERVENTION—BURDEN OF PROOF.—In the trial of an intervention in an attachment suit to enforce a landlord's lien wherein the intervener claims title as subtenant of defendant and as having paid the rent due on the subleased land, the intervener becomes in effect the plaintiff, and is entitled to the opening and conclusion of the argument, as the burden of proof is upon him in the whole case. (Page 595.)

2. TRIAL—RIGHT TO OPEN AND CLOSE.—One who intervenes in a landlord's attachment suit claiming to be a subtenant and entitled to the attached property is entitled to open and close the argument by virtue of having the burden of proof, though the landlord answers that the alleged subtenancy was a fraudulent scheme to defraud him. (Page 595.)

3. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—An issue not raised in the lower court will not be determined on appeal. (Page 597.)

4. INSTRUCTIONS—NECESSITY OF REQUEST.—One who fails to request an instruction upon an issue cannot complain because it was not submitted to the jury. (Page 597.)

5. APPEAL AND ERROR—RAISING ISSUES IN LOWER COURT—PURPOSE.—The object of requiring a party to present all questions and issues to the lower court before presenting them to this court is to have the lower court pass thereon, and that the opposite party may not be taken by surprise. (Page 597.)

Appeal from Mississippi Circuit Court, Osceola District; *Frank Smith,* Judge; affirmed.

*J. T. Coston,* for appellant.

Appellant was entitled to open and close the argument. 61 Ark. 628; 44 Ark. 264; 57 Ark. 141.

*W. J. Driver* and *Terry & Lasley,* for appellee.

The intervener was the party entitled to open and close the argument.   57 Ark. 136; 92 Am. Dec. 545; 37 S. W. 193; 51 Kan. 566; Kirby's Digest, § 2928; 58 Ark. 556; 45 Ark. 492. It is not error to refuse prayers for instructions not responsive to the issues.   77 Ark. 234; 75 Ark. 76; 75 Ark. 373; 77 Ark. 455; 81 Ark. 561; 89 Ark. 308.

FRAUENTHAL, J.   This was an action instituted by H. L. Jones, the plaintiff below, against George Seymour, seeking to recover upon a rent note and to enforce a landlord's lien therefor. A writ of attachment was sued out, which was levied upon a lot of cotton and corn.   This cotton and corn were claimed by Albert Seymour, who filed an intervention therefor in the case. The defendant admitted that he had rented the land from plaintiff, and had executed the rent note therefor which was sued on. He alleged that he had made payments thereon, and that he had sustained damages by reason of the failure of plaintiff to make certain repairs, which he sought to recoup.   The intervener, Albert Seymour, alleged that he had rented a portion of the land from the defendant, and that the amount of the rent due from him had been paid to the plaintiff; that the cotton and corn attached in the case were raised by the intervener on the land thus rented by him, and that he was the sole owner thereof. To this intervention the plaintiff filed an answer in which he denied that the attached corn and cotton were raised by intervener on land rented by him, and denied that intervener had rented any of the land from the defendant; and that he was the owner of the attached cotton and corn.   He also alleged that the cotton and corn were raised by the defendant, and that the intervener, who was a son of the defendant, was claiming title thereto under a fraudulent and collusive arrangement with defendant in order to defeat the plaintiff in the collection of his rent.

The plaintiff rented to the defendant a tract of land containing 160 acres for $750 for the year of 1907.   The testimony tended to prove that about 122 acres of this land were in cultivation.   On the part of the intervener the testimony tended to prove that the defendant sub-rented to him 45 acres of the land at $5.50 per acre, and that he had paid the full amount of the rent due from him, and that this had been paid to the plaintiff. The testimony tended further to prove that the corn and cotton

were raised by the intervener on the land rented by him, and that the defendant had no interest therein. The defendant had during the same year sub-rented other portions of the land to other parties, but had not raised or cultivated any crop on the land himself.

Upon the trial of the case the jury returned a verdict in favor of the intervener for the attached cotton and corn. They also rendered a verdict in favor of plaintiff and against defendant for the balance due on the note. The plaintiff has appealed from the judgment rendered upon the verdict in favor of the intervener.

Before any evidence was introduced the plaintiff requested the court to allow him to open and close the argument in the case, and again made this request after the introduction of all the testimony. The court refused this request, and ruled that the intervener was entitled to the opening and conclusion of the argument.

It is urged by counsel for plaintiff that the court erred in this ruling. Our statute provides that in the argument the party having the burden of proof shall have the opening and conclusion. Kirby's Digest, § 6196. It further provides that the burden of proof in the whole action lies on the party who would be defeated if no evidence was given on either side. Kirby's Digest, § 3107. Ordinarily, the plaintiff in an action has the burden of proof, and is therefore entitled to the opening and conclusion of the argument.

In the trial of an intervention in an attachment suit the intervener becomes in effect the plaintiff, and is entitled to the opening and conclusion of the argument when the burden of proof is upon him in the whole case. He asserts ownership of the attached property, and the *onus* is upon him to prove his title. *State* v. *Spikes,* 33 Ark. 801; *Stephens* v. *Oppenheimer,* 45 Ark. 492; *Excelsior Mfg. Co.* v. *Owens,* 58 Ark. 556.

But it is contended that the burden of proof in the matter of the intervention in this case was upon the plaintiff because he alleged a fraudulent combination between the intervener and defendant under which intervener was claiming the property; and he relies upon the case of *Mansur & Tebbetts Implement Co.* v. *Davis,* 61 Ark. 627, to sustain this contention. But we do not think that the pleadings or issues presented in that case

are similar to those made in this case. In the case relied on the plaintiff admitted the sale and delivery of possession of the attached property to the intervener, and to defeat that sale alleged that it was fraudulent. In that case, if no evidence had been introduced, the intervener necessarily would have recovered the property. In the case at bar the plaintiff denied that the defendant had sub-rented the land to the intervener, and in effect denied that intervener had raised the attached cotton and corn. He thereby denied that intervener had any title or interest in the property. It is true that he also alleged that there was a collusive and fraudulent arrangement between defendant and intervener to defeat plaintiff in the collection of his rent. But, if no evidence had been introduced under these pleadings, the intervener must necessarily have failed to recover. Thus in the case of *Railway Company* v. *Thomasson,* 59 Ark. 140, the railway company was sued for killing stock, and admitted the killing by its train and the value thereof. It was there held that the railway company was entitled to open and conclude the argument, because the plaintiff would have been entitled to a recovery in accordance with his pleading if no evidence had been introduced. But in the case of *Railway Company* v. *Taylor,* 57 Ark. 136, where a railway company was sued for the killing of stock, and admitted the killing thereof by its train, but denied the value of the animal, it was held that the plaintiff was still entitled to begin and reply because he was not entitled to a recovery in accordance with the prayer of his complaint if no evidence had been introduced. In the case at bar it was incumbent upon the intervener, under the pleadings, to prove that he had sub-rented the land from the defendant and had raised the attached cotton and corn before he was entitled to recover the property. And this *onus* of proof was on him in the whole case. He was therefore entitled to the opening and conclusion of the argument.

It is urged by the plaintiff that the intervener was not entitled to recover because he had not paid the full amount of the rent that was payable to plaintiff for the land sub-rented by him. It is contended that there were 122 acres of land in cultivation, which was rented from plaintiff by the principal tenant for $750, and this would have been at the rate of $6.15 per acre. That the intervener subrented from the principal ten-

ant 45 acres of the land at $5.50 per acre, and only paid that sum; and that therefore he did not pay to the landlord the proportionate amount of the principal rent which was due from him as a sub-tenant. But, if it shall be conceded that the intervener should have paid the amount of rent now claimed by the plaintiff, he is not entitled to insist upon this contention because he did not make it an issue in his pleading, and did not present the question in the lower court. He can not raise this issue for the first time upon his appeal to this court. He did not ask any instruction upon this issue, and can not complain that it was not submitted to the jury. It was not submitted by a request for a peremptory instruction. The object of requiring the parties to present all questions and issues to the lower court before they can be presented to this court is to have the lower court pass thereon, so that this court upon appeal may determine whether or not such ruling was erroneous. The purpose is also in furtherance of justice to require the party to first present the question he contends for in the lower court, so that the other party may not be taken by surprise. Had this question been suggested in the lower court or this issue there made, it may be that the intervener could have shown that $5.50 per acre for the land subrented by him was the *pro rata* amount of rent for which the land cultivated by him would have been liable to the plaintiff. However this may be, the plaintiff is not entitled to raise this question for the first time in this court. *Western Coal & Mining Co.* v. *Jones*, 75 Ark. 76; *Ward Furniture Mfg. Co.* v. *Isbell*, 81 Ark. 561; *Shinn* v. *Platt*, 82 Ark. 260; *Kansas City So. Ry. Co.* v. *Skinner*, 88 Ark. 189; *Price* v. *Greer*, 89 Ark. 308.

The judgment is affirmed.