Collin County National Bank *v.* Laser Grain Company.

Opinion delivered October 1, 1917.

1. SALES—ASSIGNMENT OF DRAFT AND BILL OF LADING—TITLE TO DRAFT.—One B. sold grain to appellee, drawing on appellee for the purchase price, which appellee paid to the C. bank. The grain proving to be inferior, appellee sued B. for damages, and attached the funds in the C. bank. Appellant interpleaded, claiming the funds, as the purchaser of the draft from B. *Held,* under the evidence it was a question for the jury, whether appellant was the owner of the draft at the time the attachment was issued.

2. TRIAL—INTERPLEA—BURDEN OF PROOF—RIGHT TO OPEN AND CLOSE.—Under the facts as set out above, the attachment suit and interplea were tried together. *Held,* the burden of proof was on the interpleader, and that it was entitled, at the trial, to the opening and closing argument.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; reversed.

*W. E. Atkinson,* for appellant.

1. The burden was on the bank and it had the right to open and close the case. 39 Ark. 102; 95 *Id.* 593; 29 *Id.* 151; 32 *Id.* 593, 597; 59 *Id.* 143.

2. A verdict should have been directed for appellant. The bank purchased the draft and paid for it before it was sent for collection. 57 Ark. 468; 97 *Id.* 442; 90 *Id.* 443.

3. It was error to refuse the instruction asked by appellant. The assignment of the bill of lading transferred the title to the bank. 90 Ark. 439; 70 Ark. 386.

4. The court erred in admitting the evidence of Seeton, Denman and Laser.

*Sellers & Sellers,* for appellee.

1. The burden was on the plaintiff on the whole case and it had the right to open and close the argument. 98 Ark. 132; 95 *Id.* 595; 39 *Id.* 102.

2. There was no error in refusing to direct a verdict. The testimony was conflicting.

3. There was no error in refusing the instruction asked by appellant. It was improper and there was no prejudice. 90 Ark. 439.

4. The testimony of Seeton, Denman and Laser was properly admitted.

HART, J. Laser Grain Company, a corporation organized under the laws of the State of Arkansas, and doing business at Clarksville, in said State, entered into a contract with the Brown Grain Company, a corporation organized and doing business at McKinney, Texas, whereby the former purchased from the latter five carloads of seed oats which were to be of the quality and character of the sample furnished. A part of the oats shipped were of a quality inferior to the sample. There was also a shortage in the quantity of oats purchased. The Laser Grain Company instituted a suit against the Brown Grain Company to recover damages. A writ of attachment was prayed for on the ground that the defendant was a non-resident and a writ of garnishment was issued against the Bank of Clarksville, the plaintiff alleging that the bank had in its hands money belonging to the defendant, towit: The money which had been paid for the oats.

The Collin County National Bank, a banking corporation doing business at McKinney, Texas, interpleaded in the action and alleged that the Brown Grain Company had assigned to it the draft which had been given it by the

Laser Grain Company in payment of the oats and that it had sent said draft to the Bank of Clarksville for collection. There was a verdict and judgment against the interpleader and the case is here on appeal.

It is earnestly insisted by counsel for the Collin County National Bank, the appellant, that the evidence is not sufficient to warrant a verdict against it, and that the court erred in not directing a verdict in its favor.

The cashier of the Collin County National Bank and the manager of the Brown Grain Company both testified that the Collin County National Bank and the Brown Grain Company had no connection with each other except that the grain company was a customer of the bank. They said that the Brown Grain Company received a draft for $557.50 from the Laser Grain Company in payment of oats sold by the former to the latter and that the Brown Grain Company sold and transferred this draft to the Collin County National Bank for its face value, less exchange of $1.50. They testified that the bank purchased this draft outright and owned it at the time the garnishment in this case was issued. They insisted that this testimony was uncontradicted and in support of their contention cited the case of *Collin County National Bank* v. *Harris,* 90 Ark. 439. Counsel point out that in that case the court held a similar state of facts to be undisputed. That is true and if nothing more appeared in the record in this case we would hold that the facts were undisputed. There are other facts and circumstances in the record however, which we think tend to show that the testimony above referred to is not undisputed or at least that the testimony of the witness is not consistent in itself.

The draft in question contained the following:

"To Laser Grain Company, Clarksville, Arkansas. Bill of lading attached. Brown Grain Company, collect through Bank of Clarksville bank, collection No. 11,958, Collin County National Bank, McKinney, Texas." Endorsement on the back: "Pay to the order of any banker, March 4, 1916. Collin County National Bank, McKinney, Texas."

(1)   The cashier of the Bank of Clarksville testified that his bank received it for collection for the Collin County National Bank and that the stamp on the face of it, just referred to above, seemed to be the Collin County National Bank's collection number.   He stated that the words stamped on the draft, towit:  "Collin County National Bank, collection No. 11,958, McKinney, Texas," indicated that the Collin County National Bank held the draft for collection.   He also testified that it was not the custom of banks to purchase drafts outright from their customers and that in a case a purchase was made of a draft or note, ten per cent. of the face value thereof was the discount charged by the bank; that one dollar and a half would be about the exchange on a draft of $557.50. His testimony was corroborated by that of the cashier of another bank in the town of Clarksville.   The facts and circumstances just recited tend to contradict the testimony of the interpleader and made it a question for the jury to determine whether or not the Collin County National Bank was the owner of the draft at the time of the writ of garnishment herein.

It is next insisted that the court erred in refusing to give at the instance of appellant the following instruction:

"The court instructs the jury that by the transfer of the bill of lading for the car of oats to the interpleader by the Brown Grain Company all of the title, right of the Brown Grain Company to said car of oats was transferred to said interpleader and remained in it until accompanying draft was paid by the Laser Grain Company."

The sole contention of appellant was that it had purchased the draft in question and owned it at the time of the issuance of the garnishment herein.   The court had so instructed the jury in other instructions to which appellant made no complaint on that ground.

The only objection made by the appellant to the instructions given by the court was that the undisputed testimony in the case was that the interpleader bought the draft in controversy and was the owner thereof.

Therefore the instructions in question would have tended to confuse and mislead the jury by bringing into the case an issue that the interpleader did not rely upon for a recovery.

It is next contended that the court erred in admitting the testimony of witnesses on the attachment branch of the case. When the record is considered in its entirety we think it shows an agreement upon the part of the parties to try both the attachment and interplea together. The evidence was competent against the defendant to sustain the attachment and it was not error to admit it because the parties had consented to try the attachment and interplea together. *Carl & Tobey Co.* v. *Beal & Fletcher Co.,* 64 Ark. 373.

(2) Counsel for appellant asked the court to permit it to open and close the argument in the case, which request the court refused.

Counsel for appellee rely on the case of *Metropolitan Life Insurance Co.* v. *Shane,* 98 Ark. 132, to sustain the ruling of the court. In that case the insurance company had issued a life policy to L. V. Shane in which Louisiana Shane was named as the beneficiary. L. V. Shane died and his administrator instituted a suit against the insurance company and against the administrator of the estate of Louisiana Shane alleging that she had forfeited all rights under the policy because she had unlawfully killed the insured. The administrator filed an answer and intervention in which he admitted that his decedent had killed the insured but alleged that at the time she was insane and not responsible for her acts. He asked for judgment against the insurance company because she was the beneficiary named in the policy. The insurance company denied all liability on the policy, on the ground that it had issued the same by reason of certain false warranties made by the insured which avoided the policy. The court held that against the insurance company the original plaintiff and the intervener were equally plaintiffs and each was a defendant against the other as to their rival claims for recovery against the insurance

company. Under these circumstances the court held that it was within the sound discretion of the trial court to determine the order of the argument. This was so because each plaintiff would be entitled to begin and close the argument equally with the other in their actions against the insurance company. No such case is presented here. It is true that by consent of the parties the attachment and interplea were tried together. The principal contention, however, was between the plaintiff in the attachment case and the interpleader. According to the rule laid down in *Jones* v. *Seymour,* 95 Ark. 593, the burden of proof was on the interpleader and he was therefore entitled to the opening and conclusion of the argument. This holding is in accord with our earlier decisions on the question. *Bergman* v. *Sells,* 39 Ark. 97, and *Excelsior Mfg. Co.* v. *Owens,* 58 Ark. 556.

The parties here seemed to have gone to trial mainly upon the general issue on the interplea and the burden was upon the appellant as interpleader to prove that he acquired by valid sale and transfer, title to the draft in question.

For the error in not so ruling the judgment must be reversed and the cause remanded for a new trial.