FARMERS' STATE BANK *v.* FIRST STATE BANK.

Opinion delivered February 23, 1920.

1.  BANK AND BANKING—OWNERSHIP OF DRAFT.—Where the drawer of a draft to which was attached a bill of lading indorsed and deposited it with a bank, which credited the amount to the drawer's account, the bank became the absolute owner of the draft and was entitled to the proceeds.

2.  BANKS AND BANKING—TITLE TO DRAFT.—Where a draft was deposited in plaintiff bank to the drawer's account, plaintiff acquired title thereto, notwithstanding the drawer, after a controversy arose over the right to the proceeds of its collection, returned to plaintiff bank the amount of the credit.

3.  JUSTICES OF THE PEACE—JURISDICTION.—Where plaintiff bank had acquired title to a draft the proceeds of a draft in the hands

of another bank which had received the draft for collection could not be attached as the property of the drawer; hence issuance of an attachment by a justice of the peace in a county other than the drawer's residence did not give the justice of the peace jurisdiction.

Appeal from Benton Chancery Court; *Ben F. McMahan,* Chancellor; affirmed.

*W. N. Ivie* and *Duty & Duty,* for appellant.

1.   The complaint in case is insufficient, and the circuit court erred in overruling the demurrer to the complaint.   Appellee seeks to recover the full amount of the drafts sent to appellant bank for collection and remittance, or in other words appellee seeks to recover as principal the amounts sent for collection to such agent on the ground either that the agent disobeyed instructions or was guilty of negligence in making the collection and returns and that nowhere in the complaint does appellee allege that it has been damaged in any sum by the wrongful act of its agent, nor does it allege any grounds or any occasion for any actual loss on the account of any negligence on part of its agent, the appellant bank.   The measure of damages recoverable by the principal against his agent for disobeying his instructions or for wrongful act or negligence is the actual loss sustained by the principal on account of the wrongful act of the agent.   Appellee took the checks for collection and failed to perform its duty to collect and remit and appellant was damaged, and appellee was liable therefor.   A case directly in point is in 1 L. R. A. (N. S.) 246, citing Story on Agency, section 236, and notes.

2.   Under the facts, if the complaint does state a cause of action defectively, the cause should have been dismissed by the chancellor because it is admitted by the cashier of appellee bank and also by W. H. Septer that long before the final hearing in the cause plaintiff had been paid in full the claim sued for and incurred no loss or damage by reason of any of the acts of ap-

pellant, and there could be no recovery. See notes to 1 L. R. A. (N. S.) 246; 99 Ark. 386, 292; 196 S. W. 707.

3. The evidence does not show any wrongful or negligent act by appellant. It collected the full amount of the drafts from the consignee, and on the same day the proceeds were attached they notified appellee and the date set for trial of the attachment suit was more than thirty days from the date set for trial, and appellee had ample opportunity to protect itself, and if it was the true owner of the drafts to intervene and set up its claim legally which it wholly failed to do. Appellant discharged its whole duty to appellee. Acts 1913, p. 94; Whitley on Bills and Notes, etc., p. 248, § 165, and notes.

4. The fact that appellee credited the drawer of the drafts on its books for the full face value of the drafts did not constitute said bank a holder in due course. *Ib.* Whitley on Bills, Notes, etc., § 165 and notes; 180 N. Y. 394; Neg. Inst. Law, Acts 1913, § 91, p. 130-1; 150 U. S. 231; 80 Hun. 258; 30 Kan. 441; 114 N. C. 335; 131 Mich. 674; 122 Minn. 215; 9 Okla. 697.

5. The chancellor treated the payment of appellee by Septor, the drawer of the amount of said drafts as transferee or assignee of the cause of action, and was wrong in his theory under the facts, as Septor was a party to the instruments as drawer of the drafts and primarily liable until they were accepted by the drawee, and he was still liable as first indorser. Neg. Inst. Law, § 126; Whitley on Bills, Notes, etc., § 210, p. 295; Acts 1913, p. 301. Septor being the drawer, the payment to plaintiff during the pendency of the suit was a cancellation or discharge of plaintiff's cause of action. Kirby's Digest, § 6001. Money paid by the garnishee to the judgment creditor on his judgment can not be recalled by defendant. 202 S. W. 848; 65 Ark. 112. As Septor is bound by the judgment of the circuit court, the cause should be reversed and dismissed.

*McGill & McGill,* for appellee.

The complaint states a cause of action. The defense was that appellee held the drafts for collection only. The decree is right, and is sustained by the law and evidence. 123 Ark. 42; 74 *Id.* 54. Without acting in good faith, the garnishee can not protect himself from liability even to defendant. 133 Ark. 579; 7 Wis. 306; 1 Fla. 233; 46 Am. Dec. 339 and note; 73 *Id.* 410. See 67 So. Rep. 721.

SMITH, J. W. H. Septer, a dealer in grain, feed and hay at Morris, Oklahoma, sold and shipped to W. E. Kefauver, a merchant at Rogers, Arkansas, on September 4 and 5, two carloads of hay under a contract of sale made prior to said dates. The said W. H. Septer shipped the first carload of hay on September 4, and rendered a bill or invoice for same to Kefauver, and on the same date drew a sight draft on Kefauver for $115.48 in favor of the First State Bank, appellee herein, and attached the bill of lading to said draft; and on September 4, in like manner, Septer shipped the second car to Kefauver and sent him invoice for same, and drew sight draft against him in favor of appellee in the sum of $125.57, to which said draft bill of lading was attached, and these sight drafts were deposited by Septer to his account with the appellee bank, and on the day they were drawn Septer was given credit on his pass book for the full amount of said drafts, and these drafts were sent by appellee bank, with the bills of lading attached, to the appellant, Farmers' State Bank, of Rogers, Arkansas, for collection and return. On September 15, 1917, Kefauver went to appellant bank and paid the two drafts amounting to $241.05, but induced the appellant bank to withhold or deduct $39 from said amount on account of the alleged damaged condition of one of said cars of hay, and on the same day appellant, by its draft, transmitted to the appellee bank the face of the draft less the $39 deduction, and thirty-cent collection charge, and at the same time Kefauver wrote Septer that he had deducted the $39. Immediately after receiv-

ing the draft from appellant, Toomer, the cashier of appellee bank, asked Septer if he would stand the $39 deduction, and being told by Septer that he would not, Toomer immediately returned the draft received from appellant bank, refusing to accept the same, and Septer answered the letter of Kefauver, stating that it takes two to make a contract of reduction, and refused to allow said reduction of $39, and thereupon on September 20 Kefauver directed appellant bank to pay the said $39, and immediately, before appellant bank could transmit the amount to appellee bank, Kefauver swore out an attachment against Septer before a justice of the peace and garnished the amount of these drafts in the hands of appellant bank, and made the attachment and garnishment returnable on October 25, 1917, and on the same day the cashier of appellant bank notified appellee by letter that the proceeds of said collection had been attached in its hands, and this notice was received by appellee bank on or before September 22, on which date the cashier of appellee bank wrote to appellant bank that, regardless of the attachment, they expected appellant bank to remit the full amount of said drafts. No appearance or defense was made by Septer to the attachment suit of Kefauver, and no intervention or other claim was filed in said suit by appellee bank, and on October 27 said attachment suit coming on for hearing, and, said appellant bank having answered, the justice rendered judgment against Septer in favor of Kefauver for the sum of $100 and costs, amounting to $114.25, claims for additional damage to other shipments being made in this suit. The justice's judgment ordered and adjudged that the garnishee, appellant bank, pay said sum out of the fund garnished in its hands, and said sum was paid by appellant bank to the constable, and on October 30 appellant bank issued its draft for the amount of said collection, less $114.25, in favor of the appellee bank, and sent the same to it by mail on or about November 1, 1917.

Thereafter, on December 20, 1917, suit was filed by appellee bank against the appellant bank, in which it

alleged, in substance, the issuing of the drafts by Septer in its favor, and that they were sent to appellant bank for collection and remittance, but that the appellant bank surrendered said drafts and the bills of lading attached to Kefauver, and wrongfully refused to remit the full amount thereof, and wrongfully claimed the right to deduct the $39 at first and afterward the sum of $114.25, and refused to pay the face of said drafts, and prayed judgment against the appellant bank for the amount of the two drafts, less the thirty-cent collection charge made by appellant bank, and returned to the appellant bank the draft which it had sent appellee bank on October 30, 1917.

A demurrer to this complaint was overruled, whereupon an answer was filed, praying that Septer and Kefauver be made parties, and by consent the cause was transferred to equity. The court denied the prayer to make Septer and Kefauver parties, and, after a hearing of the cause on its merits, rendered judgment for appellee for the face of the two drafts, less the collection charges, with the costs of suit, and this appeal is from that decree.

It is apparent that the demurrer to the complaint was properly overruled. It is very earnestly insisted, however, that a good and valid defense to the suit was established by the testimony. This defense, in effect, was that appellee had the drafts for collection only, and that appellant was prevented from remitting the full amount of the drafts by the pendency of the garnishment proceeding. It is apparent that this is a question of fact, and, had a jury so found, we probably would not say that the testimony was not legally sufficient to support the verdict. However, we have the finding of the chancellor against the contention made, and we can not say this finding is clearly against the preponderance of the testimony.

The cashiers of two local banks testified that it was not customary for a bank to receive drafts, with bills of lading attached, except for collection; yet they admitted that this was sometimes done.

It is also insisted that the right to maintain this action is defeated by the showing made that before the trial of this cause Septer had repaid appellee bank the amount of the drafts for which he was given credit at the time the transaction occurred.

It is also insisted that the inquiry of Septer made by the cashier of appellee bank, whether he would stand for the reduction of $39 on account of the damaged condition of the hay, indicated that the bank was acting as Septer's agent, and not as owner of the drafts from which it was proposed to make the deduction.

These are the principal circumstances relied upon to overturn the finding of the chancellor.

On the other hand, it is shown that Septer carried a large and active account with appellee bank, and Toomer, its cashier, testified that the bank received the drafts, not for collection, but for deposit, and that the amount thereof became immediately subject to Septer's check. All the entries on the books of the bank, made contemporaneously with the transaction, including Septer's pass book, and also the deposit slips, all of which were made at a time when no litigation was contemplated, corroborate the testimony of Toomer.

In regard to the $39 reduction Toomer testified that when he was advised by appellant bank that the deduction had been made he knew nothing of the merit of the claim on which it was based, but he asked Septer about it and asked him if he wished to allow it, intending, if the allowance was made, to charge it to Septer's account, but, when Septer declined to consent, Toomer wrote appellant bank that appellee bank was the owner of the drafts and to remit their face, less the usual exchange.

It does appear that, after this controversy had arisen but before the trial of the cause in the court below, Septer repaid appellee the amount of the drafts. This apparently was upon the theory that Septer was contingently liable for these drafts, and that it was his duty to wait for the money and to take the chance on its recovery; but, conceding that such was not the law, there is

nothing to indicate an intention to release appellant from a liability then being insisted upon; and that circumstance does not overcome the positive testimony of Septer and Toomer that the drafts were deposited and received in the usual course of business, and that the bank became the owner thereof by becoming debtor to Septer for their face value.

We have several times considered this question, a late case being that of *Brown & Oglesby* v. *Yukon National Bank,* 138 Ark. 210, a case not unlike the instant case on the facts, and we there held that, where a draft is indorsed to and deposited with a bank, which credits the amount to the holder's account, the bank becomes the absolute owner of the draft, and is entitled to the proceeds of the draft in the hands of a garnishee bank. See also other cases there cited.

Counsel for appellant cite and rely upon the case of *Collin County National Bank* v. *Laser Grain Co.,* 130 Ark. 396, as sustaining their contention that appellee was not the owner of the drafts in question. In that case, however, a jury had found, under testimony which we said made a case for the jury, that the draft to which the bill of lading had been attached had been received for collection; but here a contrary finding on the facts has been made.

It follows, therefore, if appellee became the owner of the drafts when they were received as deposits, the judgment of the justice of the peace in the garnishment case was void. Septer did not intervene in that suit, and was made a party by the publication of a warning order. The basis of the jurisdiction which the justice of the peace assumed depended upon the fact that property belonging to Septer had been seized within the jurisdiction of the court, and, as it now appears that this judgment was rendered upon a false assumption, it is void.

The decree of the court below is, therefore, affirmed.