CENTRAL STATE BANK OF MCKINNEY, TEXAS, *v.* TOLAND.

Opinion delivered March 11, 1929.

*Feazel & Steel* and *L. C. Clifton,* for appellant.

*D. B. Sain,* for appellee.

HUMPHREYS, J.   This suit was brought by appellee against the McKinney Grain Company, a nonresident, to recover damages in the sum of $138 for failure to ship a car of corn purchased by appellee from it in December, 1927.   Based upon an allegation that the First National Bank of Mineral Springs, Arkansas, was indebted to the McKinney Grain Company, a writ of garnishment was procured and served upon said bank. The bank answered that it had $697.97, which it collected from T. J. Dillard on a draft drawn by McKinney Grain Company and indorsed to the Central State Bank of McKinney, Texas,

which draft it received by mail from the Central State Bank for collection and remittance, and, according to the indorsement, it was indebted to the Central State Bank for the amount collected, and not to appellee.

The Central State Bank intervened in the suit for the fund, alleging that, in the ordinary course of trade, it purchased said draft, paying the said McKinney Grain Company the value thereof, less customary discount, and, in the ordinary course of trade, forwarded said draft through the regular channel to the First National Bank of Mineral Springs, Arkansas, for collection, and that the fund claimed on the draft became its property before the issuance and service of the writ of garnishment.

The cause was tried to a jury in the circuit court of Howard County, resulting in a verdict and judgment in favor of appellee, from which is this appeal.

When the testimony in the case had been concluded, appellant requested an instructed verdict in its favor, on the theory that the undisputed evidence showed that it purchased the draft outright, and owned it at the time the garnishment in the case was issued. This request was refused, over the objection and exception of appellant, and such refusal is urged here as reversible error. In support of the alleged error, appellant relies upon the testimony of Sims Cameron, assistant cashier of its bank, to the effect that he handled the draft drawn by the McKinney Grain Company on T. J. Dillard for $697.97; that this draft was paid by appellant and indorsed over to it, and that appellant credited it on an overdraft which it then carried for the grain company, less discount of $1.50; and the testimony of A. H. Hughes, cashier of the Planters' Bank and Trust Company of Nashville, Arkansas, and Rudolph Dickinson, cashier of the First National Bank of Mineral Springs, Arkansas, to the effect that nothing appeared on the slip of paper attached to and accompanying the draft upon which they could base an opinion as to whether the original draft was owned by the grain company or by appellant.

If this were all of the testimony in the case, the trial court should have granted appellant's request for an instructed verdict in its favor, for the case would then be ruled by the case of *Collin County National Bank* v. *Harris,* 90 Ark. 439, 119 S. W. 662, cited by appellant in support of its contention. The record reflects, however that the letter accompanying the draft in regard thereto stated that it was for collection and return; and that three experienced bankers, A. H. Hughes, Jay V. Toland and Rudolph Dickinson, testified that, if the draft had been purchased, there would have been a discount charge of from 10 to 15 per cent. instead of one-fourth of one per cent., and that one-fourth of one per cent. was the usual and customary charge for collecting drafts.

The testimony last recited tended to contradict the testimony of Sims Cameron, and made the question of whether appellant was the owner of the draft or whether it received same for collection one for determination by the jury.

The testimony in the instant case is, in substance, the same as in the case of *Collin County National Bank* v. *Laser Grain Company,* 130 Ark. 396, 197 S. W. 707, in which this court ruled that there was sufficient conflict in the testimony to warrant the submission of the issue joined to a jury for determination.

No error appearing, the judgment is affirmed.